Citation Nr: 1722380 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 13-20 823 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to an initial compensable rating for residuals of traumatic brain injury (TBI).

2. Entitlement to an effective date earlier than January 6, 2016, for the award of a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Nancy Lavranchuk, Agent


ATTORNEY FOR THE BOARD

Michael Sanford, Associate Counsel



INTRODUCTION

The Veteran had active military service from September 2005 to May 2010.

These matters come before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

In May 2015, the Board remanded a claim for a TDIU, a claim for service connection for TBI, and claims for increased ratings for posttraumatic stress disorder (PTSD) and asthma for further development.

In a July 2015 rating decision, service connection for TBI was granted and an initial noncompensable rating was assigned, effective August 3, 2011. The Veteran timely disagreed with the initial rating assigned.

In an October 2015 decision, the Board granted an initial 50 percent rating for PTSD. In addition, the Board remanded the claim for a TDIU, and the claims for higher initial ratings for asthma and TBI.

In an April 2016 decision, the Board remanded the claim for a TDIU along with the claims for higher initial ratings for asthma and a TBI.

In a December 2015 statement, the Veteran withdrew his claim for a higher initial rating for asthma. As the Veteran withdrew that claim, it is no longer in appellate status. See 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2016).

Eventually, in an August 2016 rating decision, the RO awarded a TDIU, effective January 6, 2016. As it is possible that a TDIU could be awarded prior to January 6, 2106, and the Veteran has not expressed satisfaction with that effective date, the matter, as styled above, is properly in appellate status. A.B. v. Brown, 6 Vet. App. 35 (1993).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Most recently in April 2016, the Board remanded the matter of entitlement to a higher rating for TBI for issuance of a statement of the case (SOC) pursuant to Manlincon v. West, 12 Vet. App. 238 (1999) and 38 C.F.R. § 19.9(c) (2016). An SOC was issued in April 2016. The Veteran perfected an appeal of that issue in June 2016 via VA Form 9. That issue was certified to the Board in August 2016. See VA Form 8. Subsequent to that certification, the Veteran was afforded several VA examinations, to include a TBI examination. This pertinent evidence was not reviewed by the AOJ in conjunction with the claim for an increased rating for TBI, and AOJ consideration of the additional evidence was not waived by the Veteran. The Board emphasizes that the evidence (specifically the VA examination report) was generated by VA and not submitted by the Veteran. Accordingly, the AOJ must be given the opportunity to review this evidence before the Board can render a decision. See 38 C.F.R. § 20.1304(c) (2016). Under these circumstances, a remand is warranted for initial AOJ review of the August 2016 VA examination report and, if the claim remains denied, issuance of a supplemental statement of the case (SSOC) to the Veteran and his representative if necessary.

Given the above, the Board will defer adjudication on the TDIU issue as it is inextricably intertwined with the TBI issue, as an increased rating for TBI could impact the effective date for the award of a TDIU. See Harris v. Derwinski, 1 Vet. App. 180 (1991) (two issues are "inextricably intertwined" when they are so closely tied together that a final decision on one issue cannot be rendered until a decision on the other issue has been rendered).

Accordingly, the case is REMANDED for the following action:

Review the August 2016 VA examination report and any other pertinent evidence received since the April 2016 SOC and readjudicate the claims for entitlement to an initial compensable rating for TBI and entitlement to an earlier effective date for the award of a TDIU. If any benefit sought on appeal remains denied, furnish the Veteran and his representative a SSOC and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Jonathan Hager
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).